IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00239-GPG

ANTOINE BRUCE,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS (BOP),
JENNIFER E. COULTER-RODRIGUEZ,
KRISTEN R. MOODY,
HEATHER O'NEILL,
PAUL G. ZOHN, and
JOSEPH ZONNO,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff Antoine Bruce is in the custody of the Federal Bureau of Prisons, and pursuant to Plaintiff's most recent filing in *Bruce v. Osagie*, No. 14-cv-02068-GPG, ECF No. 41, (D. Colo. Filed July 24, 2014), submitted to the Court on June 22, 2015, he again is housed at the United States Penitentiary in Florence, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On March 17, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Plaintiff to show cause why he should not be denied leave to proceed pursuant to § 1915 because he is subject to filing restrictions under 28 U.S.C. § 1915(g).

    Rather than file a Response to the Order to Show Cause, Plaintiff filed a thirty-nine page Emergency Motion, ECF No. 6, and a Motion to Amend ECF No. 7, with an attached Amended Complaint, ECF No. 7-2. On May 18, 2015, the Court entered an

order that construed the Emergency Motion, the Motion to Amend, and the Amended Complaint as a Response to the March 17 Order to Show Cause and addressed Plaintiff's arguments.  Upon review of the Motions and Amended Complaint, the Court found that Plaintiff did not state in either the Motion to Amend, the tendered Complaint, or the Emergency Motion any specific factual descriptions of how Defendants placed him in imminent danger of serious physical injury.  The Court, therefore, denied Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915(g) and directed him to pay the filing fee in full.

Rather than pay the fee, Plaintiff now has submitted a Motion for Reconsideration, ECF No. 10, and argues that he should not be assessed three strikes because he did not initiate *Bruce v. Denney*, No. 14-cv-03026-SAC (D. Kan. Apr. 2, 2014), or *Bruce v. Wilson, et al.*, No. 13-cv-00491-WJM-CBS (D. Colo. Nov. 4, 2013), which are two of the three cases this Court identified as being dismissed for failure to state a claim or as frivolous and the basis for imposing a 28 U.S.C. § 1915(g) filing restriction.  Plaintiff also contends that he does not understand the Court's use of the words "specific factual descriptions," "specific fact allegations," "tendered an Amended Complaint," "vague," or "conclusory."

The Court finds Plaintiff actively participated in both Case Nos. 14-cv-03026 and 13-cv-00491.  Another inmate may have assisted in writing the mandamus petition in Case No. 14-cv-03026, but Plaintiff signed a declaration that he certifies the petition is true and correct, provided documentation of his psychological evaluations, and used his name on the return address block of the envelope containing the complaint.  *See Bruce v. Denney*, No. 14-cv-03026-SAC at ECF Nos. 1-1 and 1-2.  During the two months this action was pending, Plaintiff did not submit any disclaimer that he did not file the

2

complaint. A copy of the court's February 25, 2014 order in Case No. 14-cv-03026 stating that a case had been filed by Plaintiff, and that if he did not show cause within thirty days why the action should not be dismissed for failure to state a claim and as frivolous, was sent to Plaintiff. Plaintiff did not respond to the order. After the complaint was dismissed, Plaintiff returned the court's dismissal order to the court and wrote on the order, "U.C.C. Uniform Commercial Code 3-503 Notice of Dishonor." He also signed and dated the statement, *id.* ECF No. 5, but he did not disclaim the initiation of the action or indicate that he did not intend to file the action.

Furthermore, in Case No. 13-cv-00491-WJM-CBS, even if Plaintiff did not prepare the original complaint, he had knowledge of and participated in initiating the case, because he signed the Complaint and provided a certified copy of his inmate account statement. Also, after a co-plaintiff was dismissed in this case, Plaintiff appeared before Magistrate Judge Craig B. Shaffer telephonically in a preliminary scheduling conference. *See Bruce*, No. 13-cv-00491-WJM-CBS at ECF No. 42. Nonetheless, during this conference he did not inform the judge that the case was initiated without his knowledge or that he desired to withdraw the action. Plaintiff, also, in Case No. 13-cv-00491-WJM-CBS, filed an amended complaint (after co-plaintiff was dismissed), a motion to proceed pursuant to 28 U.S.C. § 1915, his inmate account statement, and a variety of motions. *See* ECF Nos. 1, 16, 18, 19, 29, 36, 37, and 49.

Based on these findings, Case Nos. 14-cv-03026 and 13-cv-00491 were initiated by Plaintiff. The Court, therefore, properly found that Plaintiff has initiated three actions that count as strikes pursuant to 28 U.S.C. § 1915(g).

The Court also finds Plaintiff's alleged lack of understanding of the terms used by the Court in the Order to Show Cause, to be unbelievable. In the Motion for

Reconsideration, Plaintiff demonstrates his ability to grasp the concepts set forth in the March 27, 2015 Order to Show Cause by presenting clearly understandable arguments that challenge the order, including what constitutes an alleged act of serious physical injury and why he believes two of his previous complaints should not be counted as strikes pursuant to 28 U.S.C. § 1915(g).  *See* ECF No. 10 at 2, para. 2 and 3-5, paras. 6-7.  Plaintiff also does not state that the Motion for Reconsideration was prepared by someone else.

      The Court has informed Plaintiff previously that he is subject to § 1915(g) filing restrictions and he is required to state specifically **who is responsible** for the immediate continuing alleged serious physical injuries and/or misconduct that may lead to serious physical injury and **what the individual did specifically** to cause serious physical injuries or **what the individual does** that would lead to serious physical injury.

      Plaintiff now adds additional claims in the Motion.  He asserts, generally, confiscation of property, denial of access to the law library, use of a force team against him, sexual assault, and physical assault; but he again does not state who is responsible for committing the alleged acts and when the acts took place.  Nor did Plaintiff state in the February 4, 2015 Complaint what Defendants specifically did to harm him that was a threat of imminent danger of serious physical injury at the time he filed this action on February 4, 2015.

      His claims in the February 4 Complaint pertain to the following: (1) continued housing in the Special Housing Unit; (2) results of past disciplinary proceedings where Plaintiff was found to be responsible for his actions; (3) an alleged bias by Defendant Coulter-Rodriguez in her treatment of Plaintiff; (4) a fabrication of records that he is being provided with psychological, psycho-educational, and consultive

services/treatments, when he has not received these services or treatments; and (5) a general claim that Defendant Coulter-Rodriguez's failure to properly diagnose Plaintiff subjects him to a risk of serious harm and injury, including self-mutilation and suicide attempts, which he does not remember.  Nonetheless, all dates referred to in the Complaint are no later than January 2013 and nothing Plaintiff asserts indicates that named Defendants are currently responsible for his mental illness diagnosis.

Plaintiff, therefore, has failed to assert in this Complaint imminent danger of serious physical injury due to named Defendants' actions.

But this Court, like all federal courts, has a continuing concern for the safety of prisoners housed within the jurisdiction of this Court, and will address those concerns when appropriate.  This concern is exemplified by the Court's recent requirement in *Bruce v. Osagie, et al.*, No. 14-cv-02068-GPG, ECF No. 37 (D. Colo. May 20, 2015), that the Warden, or appropriate staff member, report to the Court the necessary treatment that Plaintiff has received regarding the swelling in his feet and ankles.  Also, in *Bruce v. Alvarez, et al.*, No. 14-cv-03232-RM-NYW (D. Colo. Nov. 26, 2014), the Court has granted a stay of that case, which addresses specific incidents regarding Plaintiff's mental instability, until the results of the competency hearing ordered in Plaintiff's criminal case, *United States v. Bruce*, No. 14-cr-00480-WYD-1, ECF No. 22 (D. Colo. filed Dec. 2, 2014), are available.

Nonetheless, because Plaintiff now has failed to comply with the May 18, 2015 Order to pay the filing fee in full within the time allowed, the Court will dismiss this action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Motion for Reconsideration, ECF No. 10 is denied.  It is

FURTHER ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) because Plaintiff failed to pay the filing fee in full within the time allowed.  It is

FURTHER ORDERED that leave to proceed *in forma paupers* on appeal is denied.

DATED at Denver, Colorado, this  30th  day of   June  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
UNITED STATES DISTRICT COURT